UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SAMUEL THACKER** | : | Case No. 1:20CV00927 |
| 5691 Midforest Lane | : | |
| Cincinnati, OH 45233 | : | Judge Black |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **SHEAKLEY GROUP, INC.** | : | |
| **One Sheakley Way** | : | |
| **Cincinnati, OH 45246** | : | |
| | : | |
| **Defendant.** | : | |

_____

**AMENDED COMPLAINT AND JURY DEMAND**
_____

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, with the consent of Sheakley Group, Inc. and leave of Court, Plaintiff Samuel Thacker, for his Complaint against Defendant Sheakley Group, Inc., states as follows:

### I. Preliminary Statement

1. This is a civil rights action arising out of Plaintiff Samuel Thacker's employment with Sheakley Group, Inc. Mr. Thacker alleges that he was unlawfully terminated because of his disability and in retaliation for complaining of disability discrimination.

2. Mr. Thacker's claims arise under the Americans with Disabilities Act, the Family and Medical Leave Act, and the Ohio Civil Rights Act.

3. Mr. Thacker seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for both his economic and non-economic injuries. He also seeks liquidated and/or punitive damages, equitable relief in the form of reinstatement or front pay, and his reasonable attorney fees and costs in prosecuting this matter.

## II.  JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred by the ADA and FMLA. This Court may assume supplemental jurisdiction over Mr. Thacker's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as his federal claims.

5. Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Ohio.

## III.  PARTIES

6. Plaintiff Samuel Thacker is a United States citizen and a resident of Hamilton County, Ohio. Mr. Thacker was employed as a Risk Management and Safety Consultant at Sheakley Group, Inc.'s Cincinnati location and is disabled as that term is defined by the ADA and Ohio Civil Rights Act.

7. Defendant Sheakley Group, Inc. ("Sheakley") is a domestic limited liability company located in Cincinnati, Ohio. Sheakley is an "employer" as that term is defined in the Americans with Disabilities Act and the Ohio Civil Rights Act.

## IV.  ADMINISTRATIVE HISTORY

8. On December 10, 2019, Mr. Thacker filed an administrative charge of discrimination against Sheakley with the Equal Employment Opportunities Commission (Charge No. 473-2019-01860). He alleged that he was discriminated against because of his disability and retaliated against for raising complaints of disability discrimination. The EEOC issued a Notice of Right to sue on August 17, 2020.

9. Mr. Thacker has brought suit within 90 days of receiving the Notice of Right to Sue on his charge of discrimination.

## V.  STATEMENT OF THE CASE

10. Sheakley hired Mr. Thacker in December 2016 as a Risk Management and Safety Consultant.

11. As a Risk Management and Safety Consultant, Mr. Thacker was responsible for traveling to various businesses in Ohio to give presentations and demonstrations on various state and federal regulations regarding safety in the workplace, as well as performing worksite inspections.

12. Mr. Thacker suffers from anxiety, depression, and synovial cysts on his spine.

13. Anxiety and depression are physical impairments that substantially limit the normal operation of Mr. Thacker's neurological system. The impairment also substantially limits the major life activities of thinking, breathing, and communicating.

14. Synovial cysts are a physical impairment that substantially limit the normal operation of Mr. Thacker's musculoskeletal system.

15. In or about November 2018, Mr. Thacker requested FMLA leave on an intermittent basis because of his anxiety and depression. Sheakley approved Mr. Thacker's request for FMLA leave.

16. After exercising his right to FMLA leave, Brian Cox, Mr. Thacker's supervisor, wrote Mr. Thacker up for drafting personal emails outside of work hours from his work email address. At that time, Mr. Thacker learned that Mr. Cox had started monitoring Mr. Thacker's email address after he had been approved for FMLA leave.

17. In addition to monitoring Mr. Thacker's email address, Mr. Cox regularly made negative comments regarding Mr. Thacker's use of leave.

18. In or about July 18, 2019, Sheakley scheduled Mr. Thacker to meet with a client in northern Ohio.

19. Because the client was located more than 100 miles from Sheakley headquarters, the company granted Mr. Thacker the use of a rental car.

20. Sheakley uses a rental car facility that is approximately one-half mile away from its headquarters. When Sheakley uses the rental car service, the rental car company drops the cars off in Sheakley's parking lot and leaves the keys at Sheakley's front desk. Sheakley employees normally return rental cars to the rental car facility, and an employee of the rental car company then drives the Sheakley employee back to company headquarters.

21. On the day of the presentation, Mr. Thacker drove his car from his home to Sheakley. He then retrieved the keys to his rental car from Sheakley's front desk and drove the rental car to the client in northern Ohio.

22. When Mr. Thacker returned from northern Ohio, the rental car facility and Sheakley were both closed.

23. Accordingly, Mr. Thacker could either drop the car off at the rental car facility, place the keys in the drop box, and walk back to his car at Sheakley, or return it in the morning. Mr. Thacker was unaware of any Sheakley policy or procedure governing this situation.

24. Mr. Thacker's synovial cysts affect his ability to walk even short distances. Because of this, he was unable to walk the one-half mile from the rental car facility to Sheakley. As a result, Mr. Thacker drove the rental car back to his home and returned it to Sheakley the following morning.

25. Mr. Thacker took FMLA leave on July 19, 2019.

26. On July 20, 2019, Mr. Cox issued Mr. Thacker a final written warning for not properly returning the rental car.

27. Mr. Thacker explained to Mr. Cox that, because of his synovial cysts, he could not return the rental car to the rental car facility and walk back to Sheakley to get his vehicle. He then offered to pay any additional charge for the rental car. Mr. Cox refused and upheld the final written warning.

28. Mr. Thacker complained to Lenny Liston, President of Sheakley, that Mr. Cox was singling him out because of his disabilities and for his use of FMLA leave. Mr. Liston denied that he was being singled out because of his disabilities and use of FMLA leave.

29. On August 28, 2019, Sheakley scheduled Mr. Thacker to present a ladder safety and safe lifting course to a client.

30. A few days prior to the presentation, Mr. Thacker contacted the client to ensure that it had wireless internet and a projection screen. The client confirmed that both items would be available for Mr. Thacker's use.

31. When Mr. Thacker arrived for the presentation, the client told him it did not have wireless internet. Because of this, Mr. Thacker could not access his presentation on his laptop. Thankfully, Mr. Thacker had hard copies of an older presentation to give to the client's employees.

32. Following the presentation, the client gave Mr. Thacker a poor review.

33. Sheakley terminated Mr. Thacker on September 19, 2019 for "conduct and performance issues." Sheakley's justifications were merely pretext for illegal discrimination on the basis of Mr. Thacker's disability and for taking FMLA leave.

34. The acts and/or omissions of Sheakley were taken intentionally, maliciously, and purposefully, with a conscious disregard for Mr. Thacker's rights under federal and state civil rights laws.

35. As a direct and proximate result of Defendant's actions, Mr. Thacker has suffered and will continue to suffer damages from lost income and benefits, emotional distress, and damage to his professional reputation.

## VI. STATEMENT OF THE CLAIMS

### Count 1: Disability Discrimination
### (42 U.S.C. § 12101 and Ohio Rev. Code § 4112.02)

36. Plaintiff incorporates paragraphs 1 through 35 as if fully rewritten herein.

37. Mr. Thacker suffers from several disabilities.

38. Mr. Thacker is qualified to perform the essential functions of his position with a reasonable accommodation.

39. Sheakley terminated Mr. Thacker because of his disabilities.

40. As a result of Sheakley's illegal actions, Mr. Thacker has suffered damages including lost wages and emotional distress.

41. Sheakley acted with malice and a conscious disregard for Mr. Thacker's federally protected rights.

### Count 2: Retaliation
### (42 U.S.C. § 12101 and Ohio Rev. Code § 4112.02)

42. Plaintiff incorporates paragraphs 1 through 41 as if fully rewritten herein.

43. Mr. Thacker engaged in protected activity when he complained of disability discrimination.

44. Sheakley knew of Mr. Thacker's protected activity.

45. Sheakley terminated Mr. Thacker.

46. There is a causal relationship between the protected activity and adverse action.

47. As a result of Sheakley's illegal actions, Mr. Thacker has suffered damages including lost wages and emotional distress.

48. Sheakley acted with malice and a conscious disregard for Mr. Thacker's federally protected rights.

## Count 3: Retaliation
## (29 U.S.C. § 2601)

49. Plaintiff incorporates paragraphs 1 through 48 as if fully rewritten herein.

50. Mr. Thacker was entitled to FMLA leave.

51. Mr. Thacker opposed illegal discrimination against him when he complained that Mr. Cox was singling him out because of his disability.

52. Sheakley was aware of Mr. Thacker's protected activity.

53. Sheakley terminated Mr. Thacker's employment in retaliation for opposing Sheakley's illegal discrimination.

54. There is a causal connection between Mr. Thacker's FMLA leave and his termination.

55. As a result of Sheakley's actions, Mr. Thacker suffered damages, including lost wages and other economic harm.

56. Sheakley acted in bad faith.

## Count 4: Interference
## (29 U.S.C. § 2601)

57. Plaintiff incorporates paragraphs 1 through 56 as if fully rewritten herein.

58. Mr. Thacker was entitled to FMLA leave.

59. Sheakley interfered with Mr. Thacker's use of FMLA leave by terminating him. Sheakley used Mr. Thacker's FMLA leave as a negative factor in the decision to terminate his employment.

60. As a result of Sheakley's actions, Mr. Thacker suffered damages, including lost wages and other economic harm.

## **PRAYER FOR RELIEF**

Wherefore, Mr. Thacker demands judgment against Sheakley Group, Inc. as follows:

1. An award of compensatory damages for all economic damages suffered by Mr. Thacker in an amount to be determined at trial, plus interest;

2. An award of liquidated damages in an amount equal to his economic damages and interest;

3. An award of compensatory damages for all non-economic damages suffered by Mr. Thacker in an amount to be determined at trial;

4. For an order reinstating Mr. Thacker to his previous position at Sheakley, inclusive of all pay increases and benefits to which he would have been entitled had he not been terminated, or in the alternative, an award of front pay;

5. For an award of punitive damages in an amount to be determined at trial;

6. For an award of Mr. Thacker's reasonable attorney fees and costs;

7. For an award of any other relief in law or equity to which Mr. Thacker is entitled under the premises.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
Daniel J. Treadaway (OH No. 0098000)
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
dtreadaway@mezibov.com

*Attorneys for Plaintiff Samuel Thacker*

## JURY DEMAND

Plaintiff Samuel Thacker demands a jury trial to resolve all issues of fact related to his Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been delivered to all parties through the electronic filing system.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)